Benjamin Karimi
State Bar No. 24122950
Western District of Texas Federal Bar No. 24122950
3559 Lake Austin Blvd., Apt.E
Austin, Texas 78703
936-283-9086
benjamin.karimi@attorneykarimi.com

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

# SAN ANTONIO DIVISION

| | |
|---|---|
| Donna Duke-Koelfgen,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>Alamo Colleges District (AKA Alamo Colleges Foundation, INC.),<br><br>　　　　　　Defendant. | Case No.: 1:22-cv-00931<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>DEMAND FOR JURY |

COMES NOW Plaintiff and asserts the following:

## JURISDITION

This claim arises under the United States Constitution and by way of 42 U.S.C. § 1983.

## INTRODUCTION

Plaintiff has been employed as an English professor at Alamo Colleges District ("Alamo") for 25 years. Alamo is a public school located in the state of Texas. Plaintiff had an impeccable employment record with Alamo until about two years ago when Plaintiff started voicing health concerns along with other issues she witnessed.

PLAINTIFF'S CLAIM FOR RELIEF

One of such concerns that Plaintiff voiced had to do with the manner in which Alamo handled an asbestos problem at the school. About ten years ago, Plaintiff was diagnosed with Non-Hodgkin's lymphoma and underwent treatment (chemotherapy and stem cell transplant) for it. Plaintiff also had other health related issues. Two Chairs of Alamo had also been diagnosed with pancreatic cancer and eventually died. Plaintiff was concerned that these health issues may have been caused by possible presence of asbestos in the building, and as such, complained to Alamo administration about it. Plaintiff was given the cold shoulder in response to her complaint, so Plaintiff contacted outside authorities about it.

Another concern that Plaintiff had voiced to Alamo administration had to do with an odor of raw sewage that permeated her workplace. Plaintiff had again complained to administration to where she was only given the response that the smell came from a dead animal. Unconvinced, Plaintiff complained to outside government agencies and the press. A reporter showed up to the campus to investigate, and shortly after, trucks came to the campus and pumped a substance out of the premises.

Plaintiff was not administratively punished for the above actions, but Alamo administration was not pleased with Plaintiff afterwards.

## **FIRST AMENDMENT VIOLATION**

All of Plaintiff's alleged infractions were listed in a letter sent from Interim Chair Dr. L. Lennie Irvin ("Irvin"), that was placed in her employment record. It will be used as the point of reference. It lists three issues that she was discipled for, to where she was punished by having to take training courses titled, "LinkedIn Learning: Anger Management" and "LinkedIn Learning: Developing Your Emotional Intelligence" and was also required to email an apology to twenty-five Alamo staff while cc'ing Irvin and President Dr. Robert Vela.

The first issue to which Plaintiff was disciplined for ("Failure to Follow Chain of Command and Unprofessional Communication") is in regard to Plaintiff's advocating of students who had been dropped from her class. In Plaintiff's view, the student was unfairly dropped and discriminated against. By email, Plaintiff asserted to Alamo staff that the student was entitled to certain funds and was unjustly being denied of such funds. Irving states that Plaintiff was reprimanded for "Failure to

1  Follow Chain of Command and Unprofessional Communication" because she emailed him, cc'ing
2  other Alamo administration (along with the lawyer for Alamo), and thus broke the chain of
3  command.
4      Plaintiff had also asserted that another student was being denied Alamo resources due to her
5  race. Irvin states that by Plaintiff alleging the student was being discriminated against because of
6  her race, Plaintiff's words "are inflammatory, uninformed, and disrespectful, and do not constitute
7  professional communication."
8      The second issue that Plaintiff was disciplined for is titled, "Aggressive and Unprofessional
9  Communication." This is essentially tied to the first issue, adding that Plaintiff was also aggressive
10 in that she cc'd all other staff in her emails. It also states that plaintiff was inappropriate and
11 unprofessional by threatening to lodge a complaint on the student's behalf and such demands are
12 disrespectful towards her superior.
13     The third issue that Plaintiff was disciplined for, "Unprofessional Communication", again
14 accuses Plaintiff as being unprofessional when she told Irvin that she would distribute a copy of an
15 email sent from Irvin to the Board, informing about the health status of a faculty member and
16 asking for another member to cover the sick member's role . It states that Plaintiff "publicly
17 blamed" the college president for the health condition of that sick faculty member.
18     None of Plaintiff's professional duties entail what she was disciplined for. In other words,
19 she was speaking as a member of the public on issues of public concern and not as part of her job.
20 None of Plaintiff's speech fall under her duties as a professor. That is, any effects of her speech
21 would be of no consequence to plaintiff's professional role at Alamo. Furthermore, All of Plaintiff's
22 comments were made through email to Alamo faculty and staff only and caused no disruption in
23 any way whatsoever. Plaintiff's speech was protected by the 1st Amendment of the United States
24 Constitution and Alamo violated this right when it disciplined her.
25     All of Plaintiff's supposed infractions are vague and are totally at the discretion of whoever
26 administrator discipline. Terms like "unprofessional" and "aggressive" are totally subjective and
27 can be arbitrarily administered because of unfavorable speech. Such "rules" should be void for
28 vagueness.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff was given the charges and responded. She appealed (whenever available) throughout all stages of the administration of discipline. She even attempted to appeal the final outcome of the adjudication to no avail. As such, Plaintiff has exhausted (directly or constructively) all internal administrative remedies. Her punishment has been completed and documented.

**RELIEF**

Defendant's actions were purely motivated out of the content of Plaintiff's speech and were retaliatory in nature. As such Plaintiff prays for the following:

- Compensatory damages
- Punitive damages
- Economic Damages
- Attorney's fees
- Permanent removal of all disciplinary records from Plaintiff's records
- Any other damages considered to be just and equitable by the Court.

_____

Benjamin Karimi
Attorney for Plaintiff

September 14 , 2022