UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Donna Duke-Koelfgen, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> Alamo Community College District § <br> (AKA Alamo Colleges District), § <br> § <br> Defendant. § | Case No.: 5:22-cv-01010-JKP-ESC |

**DEFENDANT ALAMO COMMUNITY COLLEGE DISTRICT'S
<u>SECOND MOTION FOR COSTS</u>**

Defendant Alamo Community College District ("ACCD"), also known as the Alamo Colleges District, hereby files its Second Motion for Costs per CV-54(a)(3) and respectfully shows the Court as follows:

1. ACCD timely filed its Bill of Costs (Doc. 26) within 14 days after the Court's entry of Final Judgment (Doc. 25) in conjunction with the Court's Order granting ACCD's Motion for Summary Judgment (Doc. 24) per 28 U.S.C. § 1920, Fed. R. Civ. P. 54, and CV-54. ACCD's Bill of Costs solely sought the costs of the Plaintiff's deposition and attached the invoice from the court reporter. Doc. 26.

2. Plaintiff's counsel objected to ACCD's Bill of Costs "in its entirety." Doc. 27 at Ex. A. Therefore, ACCD was forced to file its Motion for Costs. Doc. 27.

3. The Court denied ACCD's Motion for Costs on December 15, 2023 stating that ACCD should have delineated and clarified the costs it sought to recover from the invoice attached to the Bill of Costs. The denial was without prejudice. Doc. 29.

4. In this Second Motion, ACCD relies upon the same Bill of Costs (Doc. 26), but will itemize the charges per the Court's Order. Doc. 29. *See also Fogleman v. ARAMCO*, 920 F.2d 278,

285–86 (5th Cir. 1991) (establishing the burden of production on the party seeking to recover under Section 1920).

5.  Specifically, ACCD seeks to recover (1) the charge for the Original and Certified Copy of Transcript of Plaintiff Donna Duke-Koelfgen in the amount of $1,737.75, (2) the Reporter Hourly charge in the amount of $357.50, and (3) the Tele-Conference and Video Transcription in the amount of $263.00. Doc. 26 at Invoice. Deposition costs are recoverable under 28 U.S.C. § 1920(2): "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." The charges ACCD seeks to recover—fees for transcripts, the reporter's time recording and transcribing, and electronic transcription—are directly recoverable under the language of Section 1920.

6.  Additionally, the deposition of the Plaintiff was necessary for trial preparation and for use at trial, so the itemized charges above are recoverable. The deposition of Plaintiff was reasonably necessary in this matter because (1) Plaintiff was a central witness on the liability issues in the case, (2) the Court had not yet ruled on ACCD's Motion for Summary Judgment at the time the deposition was taken and the case would have been set for trial upon the denial of the Motion for Summary Judgment, and (3) had the case gone to trial, ACCD would have sought to use the deposition at trial. Thus, the costs of the deposition listed above are recoverable under Section 1920(2) because the deposition was "necessarily obtained for use in the case."

7.  ACCD requests the Clerk to tax $2,358.25 in costs against Plaintiff as authorized under Fed. R. Civ. P. 54 and CV-54 for the following charges that are recoverable under 28 U.S.C. § 1920(2): (1) Original and Certified Copy of Transcript of Donna Duke-Koelfgen ($1,737.75); (2) Reporter Hourly ($357.50); and (3) Tele-Conference and Video Transcription ($263.00).

## CONCLUSION

Defendant Alamo Community College District (AKA Alamo Colleges District) respectfully requests the Court to grant its Second Motion for Costs.

January 5, 2024

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

*/s/ Mario A. Barrera*
 Mario A. Barrera
 State Bar No.  01805915
 mario.barrera@nortonrosefulbright.com
 Hannah Hoke Hylbert
 State Bar No. 24125790
 hannah.hylbert@nortonrosefulbright.com
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, TX  78205
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

*Attorneys for Alamo Community College District*

## CERTIFICATE OF CONFERENCE

Counsel for plaintiff and defendant conferenced over email on November 14 and 15, 2023 including exchanging argument and case law supporting each side's position. Doc. 27 at Ex. A. Further conference was impracticable. The parties did not reach an agreement on the bill of costs.

- 4 -

## CERTIFICATE OF SERVICE

On the 5th day of January 2024, I filed the foregoing document with the Court's electronic filing system, which served a true and correct copy of the foregoing document on the counsel of record below via the Court's electronic service system:

Morteza Benjamin Karimi
3559 Lake Austin Blvd., Apt. E
Austin, Texas  78703
benjamin.karimi@attorneykarimi.com

*/s/ Mario A. Barrera*
Mario A. Barrera