UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DONNA DUKE-KOELFGEN,

  *Plaintiff*,

v.                                          Case No. SA-22-CV-01010-JKP

ALAMO COLLEGES DISTRICT,

  *Defendant*.

# O R D E R

Before the Court is Defendant Alamo Community College District's (ACCD) Second Motion for Costs. *ECF No. 30*. Upon consideration, the Motion is DENIED with prejudice.

## Discussion

On November 1, 2023, this Court granted ACCD's Motion for Summary Judgement and rendered Final Judgment. *ECF Nos. 24,25*. ACCD filed a Bill of Costs pursuant to 28 U.S.C. 1920, Fed. R. Civ. P. 54, and Local Rule CV-54. *ECF. No. 26*. Plaintiff Donna Duke-Koelfgen objected to ACCD's Bill of Costs in its entirety. ACCD then filed a Motion in which it contended it filed the Bill of Costs in good faith and was entitled to the costs reflected in the submitted bill for Duke-Koelfgen's deposition. *ECF. No. 27*.

This Court denied that Motion without prejudice finding the submitted invoice contained charges that obviously do not fall within those costs recoverable under Section 1920, and the Court could not decipher which of the listed charges did qualify. Based upon this general submission of an invoice, without clarification of the cited charges or delineation of which charges qualify for reimbursement under Section 1920, this Court found ACCD did not satisfy its burden

of production to properly document and establish the costs incurred that it sought to recover. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991); *Rodriguez v. Phillips 66 Co.*, No. 3:19-CV-00209, 2021 WL 5298918, at *1 (S.D. Tex. Nov. 15, 2021). The Court denied the Motion without prejudice to allow ACCD the opportunity to provide proper support and argument for its submission for costs. ACCD now files this Second Motion for Costs but does not attach a supporting invoice. Instead, ACCD refers the Court to the attachment to the previously denied Motion for Costs.

"Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006); *see also Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).  However, "the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.*, 568 U.S 371, 377 (2013).

Should the Court award costs, a party may only recover, and the court may only tax as "costs", those expenses listed in 28 U.S.C. § 1920: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under [28 U.S.C. § 1923]; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828]. 28 U.S.C. § 1920. The court does not have discretion to tax expenses that are omitted from Section 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 440 (1987); *Coats v. Penrod Drilling Corp*., 5 F.3d 877, 891 (5th Cir. 1993). The party who

seeks to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred so the Court may determine what costs are allowed under Section 1920. *Rodriguez*, 2021 WL 5298918, at *1(citing *Fogleman*, 920 F.2d at 285–86.

In this Motion, ACCD "seeks to recover (1) the charge for the Original and Certified Copy of Transcript of Plaintiff Donna Duke-Koelfgen in the amount of $1,737.75, (2) the Reporter Hourly charge in the amount of $357.50, and (3) the Tele-Conference and Video Transcription in the amount of $263.00." ACCD states it "would have sought to use the deposition at trial. Thus, the costs of the deposition listed above are recoverable under Section 1920(2) because the deposition was "necessarily obtained for use in the case." Because ACCD fails attach to its Motion the invoice it received from the company that transcribed Duke-Koelfgen's deposition, it fails to satisfy its burden of production to support its Motion with evidence properly documenting and establishing the costs incurred so the Court may determine what costs are allowed under Section 1920. *See Rodriguez*, 2021 WL 5298918, at *1 (S.D. Tex. Nov. 15, 2021)(citing *Fogleman v. ARAMCO*, 920 F.2d at 285–86).

In addition, ACCD asserts it seeks to recover "Tele-Conference and Video Transcription ($263.00)." However, to recover the costs for both a written deposition transcript and a video recording, the prevailing party must show both the written transcript and video were necessary for use in the case. *United States ex rel. Long v. GSDMIdea City, LLC*, 807 F.3d 125, 130 (5th Cir. 2015); *Gomez v. Massey*, No. 3:18-CV-00348, 2020 WL 2104700, at *3 (S.D. Tex. Apr. 23, 2020). Here, the matter was determined on summary judgment, and even had the case proceeded to trial, ACCD provides no reason "why both the written transcript and video were necessary for use in the case." *See United States ex rel. Long,* 807 F.3d at 130; *Gomez*, 2020 WL 2104700, at

*3; *Rodriguez*, 2021 WL 5298918, at *1. Consequently, even without the invoice, it appears ACCD seeks reimbursement for costs not recoverable under 28 U.S.C. § 1920.

For these reasons, ACCD's Second Motion for Costs is DENIED with prejudice. *See ECF No. 30*.

It is so ORDERED.
SIGNED this 12th day of January, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE